**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40426
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN LORENZO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-358-2

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Lorenzo pleaded guilty to conspiracy to possess with intent to distribute 4.97 kilograms of cocaine and was sentenced to 97 months in prison. Lorenzo appealed his sentence, contending that the district court clearly erred in imposing a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) because the evidence did not establish he was a manager or supervisor in the conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant's base offense level may be increased three levels pursuant to § 3B1.1(b) "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." § 3B1.1(b). "To qualify for an adjustment under this section, the defendant must have been the . . . manager[] or supervisor of one or more other participants." § 3B1.1, comment. (n.2). This court reviews the district court's determination that a defendant was a manager or supervisor under § 3B1.1(b) for clear error. *United States v. Fullwood*, 342 F.3d 409, 415 (5th Cir. 2003). Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous. *Id.*

The district court did not clearly err when it increased Lorenzo's base offense level pursuant to § 3B1.1(b) because the record evidence reflects that Lorenzo managed or supervised Roseangela Martinez. Lorenzo directed her transportation of his portion of the cocaine, he paid for her flight to Texas, he agreed to pay her for successful transportation of the cocaine, and he delivered the cocaine to her for transport. Therefore, the district court's finding that Lorenzo occupied an aggravating role is plausible in light of the record as a whole and is not clearly erroneous. *See id.* The judgment is AFFIRMED.